IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT J. SHILSTONE,

      Petitioner,

v.                               CASE NO. 1:14-cv-208-WS-GRJ

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

      Petitioner initiated this case by filing a *pro se* Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.)  In his Petition,

Petitioner contends that his trial counsel was ineffective based on two

grounds. (*Id.*) Respondent filed a response, ECF No. 12, along with

relevant portions of the state-court record. (ECF Nos. 12-1–12-2 "Ex."[1])

Petitioner then filed a reply. (ECF No. 16.) Upon due consideration of the

Petition, the Response, and the state-court record, and the Reply, the

undersigned recommends that the Petition be denied.[2]

_____

[1] Where an exhibit is separately paginated, the pinpoint citations to the exhibits will be the lettered exhibit followed by the appropriate page number(s). If an exhibit is not separately paginated, the identification used will be the ECF designation at the top of the page followed by the corresponding page number.

[2] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules

## Summary of State-Court Proceedings

In May 2001, Petitioner was charged with engaging in sexual activity with a child under the age of 12, by someone in a position of familial or custodial authority. (Ex. A at 1.) Petitioner entered a plea of nolo contendere to attempted engaging in sexual activity with a child age 12–18 by familial or custodial authority on March 21, 2002, and was sentenced to 4 years in prison, followed by 10 years of sex offender probation.[3] (*Id.* at 5–17.) Petitioner did not file a direct appeal.

In May 2002, Petitioner filed a Rule 3.800(c) motion to reduce or modify his sentence. The trial court denied that motion on September 9, 2002. (Ex. B.)

Petitioner's judgment was amended in January 2006 to show the offense as a first-degree felony. (Ex. C.) Although this amendment was inaccurate because it stated that Petitioner's offense was a first-degree felony, there was also an amended order of sex offender probation filed.

---

Governing Habeas Corpus Petitions Under Section 2254.

[3] Petitioner's judgment was amended in January 2006 to show the offense as a first-degree felony. (Ex. C.) Although this amendment was inaccurate because it stated that Petitioner's offense was a first-degree felony, there was also an amended order of sex offender probation filed. Condition 18 states, "You will submit to electronic monitoring when deemed necessary by your officer and their supervisor." (Ex. C.) The conditions as numbered in this amended order of sex offender probation are referred to in Petitioner's subsequent violations of probation.

(*Id.*) Condition 18 of this amended order states, "You will submit to electronic monitoring when deemed necessary by your officer and their supervisor." (*Id.*) The conditions as numbered in this amended order of sex offender probation are referred to in Petitioner's subsequent violations of probation.[4]

On April 23, 2007, a violation of probation report was completed. (Ex. D at 11–14.) The violation affidavit alleged that Petitioner possessed eight nude photographs. (Ex. D at 12.) On July 19, 2007, Petitioner was found to be in violation of his probation, and his probation was reinstated with a new condition that he not possess any device capable of taking photographs. (Ex. D at 6.) Petitioner filed a Rule 3.800(b) motion, and the trial court denied the motion on December 12, 2007. (Ex. D at 48–49.) Petitioner appealed. (Ex. F.) The Florida First District Court of Appeal ("First DCA") *per curiam* affirmed without opinion on August 7, 2008, and the mandate followed on August 25, 2008. (Ex. H.)

In July 2008, Petitioner violated his probation a second time, by having sex on the beach with his wife in view of others, which was a new

---

[4] For example, Petitioner's first affidavit for violation of sex offender probation stated that he violated condition 22, which referred to viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material. (Ex. D at 12.) In the amended order of sex offender probation, this is referred to as condition 22. (Ex. C.) However, in the original order on sex offender probation, this appeared as condition 20. (Ex. A.)

law violation of "disorderly conduct - obscene act." (Ex. I.) His probation was then modified to require 6 months in county jail, followed by one year of sex offender community control and the remainder of his sex offender probation to end on December 31, 2015. (*Id.*) On November 6, 2008, an order was entered that imposed conditions for community control. (*Id.*) Petitioner did not appeal.

Petitioner then violated probation a third time in June 2009 by damaging and removing his GPS ankle bracelet. (Ex. J at 37–42; Ex. L at 34–39; Ex. M.) This resulted in a revocation of Petitioner's probation and a sentence of 15 years in prison, imposed on August 20, 2009. (Ex. J at 26–31; Ex. L at 21–29.) Petitioner did not timely appeal, but on March 30, 2010, Petitioner filed a petition for belated appeal. (Ex. J at 11–13.) The petition for belated appeal was granted, and the mandate issued on August 5, 2010. (Ex. K.) Ultimately, the First DCA *per curiam* affirmed without opinion on July 29, 2011, and the mandate followed on August 16, 2009. (Ex. P-1.)

In September 2011, Petitioner filed a Rule 3.800(c) motion to modify his sentence, and the trial court denied this motion on October 19, 2011. (Ex. P-2.) Petitioner also filed a Rule 3.800(a) motion, which the trial court denied on November 13, 2012. (Ex. P-3.)

Then on November 19, 2012, Petitioner filed a Rule 3.850 motion for postconviction relief.[5] (Ex. Q at 1–10.) The trial court summarily denied this motion on October 31, 2013. (*Id.* at 27–31.) Petitioner filed a motion for rehearing, which was also denied. (*Id.* at 50–59.) Petitioner appealed, and the First DCA *per curiam* affirmed without opinion on September 30, 2014. (Exs. R, U.) The mandate followed on November 26, 2014, after denying Petitioner's motion for rehearing and written opinion. (Exs. V, W.)

Petitioner then submitted the instant petition for writ of habeas corpus for mailing on October 28, 2014. (ECF No. 1.)

## Section 2254 Standard of Review

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. *Williams v. Taylor*, 529 U.S. 362, 403–04 (2000). Under section 2254(a), federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Additionally, federal courts must give deference to state court

---

[5] While Petitioner's Rule 3.850 motion was pending, Petitioner sought mandamus relief in the First DCA, but the action was dismissed as moot. (Ex. PD-2 at 9–10.)

adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054–55 (11th Cir. 1983).

Moreover, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 120–21 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). A federal writ of habeas corpus is only available in cases of federal constitutional error. *See Jones v. Goodwin,* 982 F.2d 464, 471 (11th Cir.1993); *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir.1990). The limitation on federal habeas review applies with equal force when a petition, which truly involves only state law issues, is "couched" in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508.

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in

a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); 28 U.S.C. § 2254(e)(1).  "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"  *Burt v. Titlow,* 134 S. Ct. 10, 15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

As to legal findings, as mentioned above, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003); *see*

*also Carey v. Musladin,* 549 U.S. 70, 74–77 (2006).

"Under § 2254(d)(1)'s 'contrary to' clause, we grant relief only 'if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.'" *Jones v. GDCP Warden*, 753 F.3d 1171, 1182 (11th Cir. 2014) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)).  For § 2254(d)(1), clearly established federal law includes only the holdings, not the dicta of Supreme Court decisions. *White v. Woodall*, 134 S.Ct. 1697, 1702 (2014).  "Under § 2254(d)(1)'s 'unreasonable application' clause, we grant relief only 'if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Jones*, 753 F.3d at 1182 (alteration in original) (quoting *Williams*, 529 U.S. at 413).

The Supreme Court has interpreted § 2254(d) as requiring that "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington v. Richter*, 562 U.S.

86, 103 (2011). "[A]n 'unreasonable application' of [Supreme Court] holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *Woodall*, 134 S.Ct. at 1702. In other words, Petitioner must establish that no fairminded jurist would have reached the Florida court's conclusion. *See Richter*, 562 U.S. at 102–03; *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257–58 (11th Cir.2012). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

In light of *Gill*, the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact-finding only to the extent that the state court's ultimate conclusion relied on it. 633 F.3d at 1292. A federal habeas court can consider the full record before it to answer "the only question" that matters: "whether the state court's determination [was] objectively unreasonable." *Id.* at 1290.

## Ineffective Assistance of Counsel

Because Petitioner's claims allege ineffective assistance, a review of the applicable law is necessary. Under *Strickland v. Washington*, to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate that (1) his counsel's performance was below an

objective and reasonable professional norm, and (2) he was prejudiced by this inadequacy.  *Strickland*, 466 U.S. 668, 686–96 (1984).  The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong.  *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions."  *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001).  "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]."  *Id*.

If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not

Page 11 of 30

think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id.*

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

When the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington*, 562 U.S. at 102. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal

law." *Harrington*, 562 U.S. at 100 (internal quotation marks omitted).  And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102.

A federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated another way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may the federal court grant relief. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id*. at 105.  When combined with the extra layer of deference that § 2254 provides, the result is double deference, and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."  *Id*. Double deference is doubly difficult

for a petitioner to overcome, and it will be a rare case in which an

ineffective assistance of counsel claim that a state court denied on the

merits is found to merit relief in a federal habeas proceeding.

## Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must

exhaust all state court remedies that are available for challenging his

conviction, either on direct appeal or in a state post-conviction motion. 28

U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state

courts a "full and fair opportunity" to resolve all federal constitutional claims

by "invoking one complete round of the State's established appellate

review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To

properly exhaust a federal claim, a petitioner must fairly present the claim

in each appropriate state court, thereby affording the state courts a

meaningful "opportunity to pass upon and correct alleged violations of its

prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)

(internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364,

365 (1995)).

When a petitioner fails to properly exhaust a federal claim in state

court, and it is obvious that the unexhausted claim would now be

procedurally barred under state law, the claim is procedurally defaulted.

*Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). A procedurally defaulted claim can support federal habeas relief in only two narrow situations. First, the petitioner may demonstrate cause and prejudice for the default. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Attorney error that constitutes ineffective assistance of counsel violative of the Sixth Amendment can render "cause." *Murray v. Carrier*, 477 U.S. 478, 487 (1986). But, an ineffective assistance of counsel claim must generally be presented to the state courts as an independent claim before it can be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (citing *Murray*, 477 U.S. at 489). In such a case, unless the prisoner can satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, the ineffective assistance of counsel claim cannot serve as cause for another procedurally defaulted claim. *Id.* at 453.

To show prejudice, the petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred. *Henderson v.*

*Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

Second, the petitioner may show that enforcing the procedural

default would result in a fundamental miscarriage of justice. *Mize*, 532 F.3d

at 1190. To show a fundamental miscarriage of justice, the petitioner must

show that in light of new evidence, no reasonable juror would have

convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

## DISCUSSION

**Ground One: Petitioner's counsel was not ineffective for failing to move to dismiss, vacate, or set aside the July 1, 2009, affidavit of violation of sex offender probation.**

Petitioner contends that his trial counsel representing him for his third

violation of probation hearing—Michael Bryant—rendered ineffective

assistance by failing to move to dismiss, vacate, or set aside the July 1,

2009, affidavit of violation of sex offender probation in violation of

Petitioner's Fifth, Sixth, and Fourteenth Amendment rights.[6] First,

Petitioner argues that Bryant was ineffective for not moving to dismiss the

July 1, 2009, violation because the trial court did not impose GPS

electronic monitoring as a condition of probation in its March 21, 2002,

order or in the July 19, 2007, modification of conditions, so a violation of

---

[6] Although Petitioner makes reference to due process and ex post facto laws in discussing the applicability of § 948.063, Florida Statutes, Petitioner's claim alleges ineffective assistance of counsel, which involves an alleged violation of his Sixth Amendment rights.

GPS monitoring could not form the basis for revoking his probation.

Second, Petitioner argues that Bryant was ineffective for not moving to

dismiss the July 1, 2009, violation because the November 6, 2008, order

sentencing Petitioner to six months in jail followed by one year of sex

offender community control erroneously subjected him to the mandatory

provisions of Florida Statute § 948.063, which requires electronic

monitoring as a condition of community control for certain offenders.

Petitioner says this was deficient performance because his underlying

conduct occurred in 1999, before § 948.063 was enacted and became

effective, and therefore the November 6, 2008, order imposing GPS

monitoring could not form the basis for revoking his probation. (ECF No. 1

at 9–11.)[7]

Petitioner argues that had Bryant moved to dismiss the affidavit, it

would have been found that an alleged violation of a condition regarding

GPS monitoring could not form the basis for the July 1, 2009, affidavit of

violation. Further, Petitioner argues that had the trial court known that §

---

[7] Additionally, in a footnote Petitioner contends that this ground encompasses
the additional claim that Bryant failed to move to vacate or set aside the July 1, 2009,
affidavit of violation of sex offender probation on the grounds that previous counsel had
failed to object to the GPS monitoring as a condition of probation as well as object to
the November 6, 2008, order of modification on the ground that it had erroneously
subjected Petitioner to the mandatory provisions of § 948.063. (ECF No. 1 at 9.)
Because these are the same arguments applied to a separate attorney, the Court need
not address them separately.

948.063 was inapplicable to him because the underlying offense took place

prior to its enactment, there is a reasonable possibility that it would not

have imposed GPS monitoring as a condition of community control. (ECF

No. 1 at 9–11.)

In rejecting this claim on post-conviction review, the state court

reasoned:

> As to ground (A), Defendant alleges that trial counsel was
> ineffective for failing to move to dismiss the affidavit of violation
> of probation on the basis that the 'electronic monitoring'
> condition was improperly added to Defendant's probation.
> According to Defendant, 'electronic monitoring' was not
> originally a condition of his probation and therefore it could not
> be added later. The record reflects that Defendant violated his
> probation twice (July 2007 and November 2008) prior to the
> violation that ultimately caused his probation to be revoked. By
> violating his probation as a sex offender, Defendant came
> under the requirements of 'electronic monitoring.' *See* VOP
> Hearing Transcript at 7 (lines 18-23). Section 948.063(2),
> Florida Statutes (2007), states
>
> > If the probationer or offender is required to register as a
> > sexual predator under s.775.21 or as a sexual offender
> > under s. 943.0435 or s. 944.607 for unlawful sexual
> > activity involving a victim 15 years of age or younger and
> > the probationer is 18 years of age or older and has
> > violated the conditions of his or her probation or
> > community control, but the court does not revoke the
> > probation or community control, **the court shall
> > nevertheless modify the probation or community
> > control to include electronic monitoring for any
> > probationer or offender not then subject to electronic
> > monitoring**.

> (emphasis added). Defendant was required to register as a sex
> offender and his victim was under 15 years of age. Accordingly,
> the court was required to impose 'electronic monitoring.' *See*
> *State v. Petrae*, 35 So. 3d 1012, 1014 (Fla. 5th DCA 2010)
> ("Electronic monitoring is a mandatory condition for sexual
> offenders eight years old or older, whose victims, as in this
> case, are fifteen years old or younger, and who, like Petrae,
> have violated their probation or community control"). Because
> the court was required to impose electronic monitoring, it was
> not error for counsel to fail to challenge that provision of
> Defendant's probation. Accordingly, the claim raised is without
> merit.

(Ex. Q at 29–30.)  The First DCA *per curiam* affirmed without opinion.

(Exs. U, W.)

Considering the state court already denied this claim on the merits,

the Court must give the state court's finding double deference so that the

question for this Court becomes whether "there is any reasonable

argument that counsel satisfied *Strickland*'s deferential standard."

*Harrington*, 562 U.S. at 105. Here, a reasonable argument exists that

counsel satisfied *Strickland*'s deferential standard and, therefore, that the

state court's rejection of Petitioner's argument and application of *Strickland*

was not objectively unreasonable.

To prevail on this claim based on ineffectiveness of counsel,

Petitioner must show (1) that his counsel's performance was below an

objective and reasonable professional norm, and (2) that Petitioner was

prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The Court may

dispose of the claim if Petitioner fails to carry his burden of proof on either the performance or the prejudice prong. *Id.* at 697.

With regard to Petitioner's argument that Mr. Bryant was ineffective for failing to move to dismiss, vacate, or set aside the July 1, 2009, affidavit of violation of sex offender probation on the ground that the trial court did not impose GPS monitoring as a condition of probation, Petitioner's argument lacks merit. On Petitioner's original offense, he was sentenced to 48 months in prison, followed by 10 years of sex offender probation. (Ex. A at 15.) An amended order of sex offender probation was filed in January 2006, and condition 18 of that amended order states, "You will submit to electronic monitoring when deemed necessary by your officer and their supervisor." (Ex. C at 1–5.)[8] The affidavit of violation of sex offender probation that Petitioner alleges his counsel should have moved to dismiss alleges, among other violations, that Petitioner violated condition 18 by failing to submit to electronic monitoring by tampering with his ankle

---

[8] Notably, in the violation report for Petitioner's second violation of sex offender probation, Petitioner's probation officer said that Petitioner "through his inability to control his sexual impulses is a danger to the community and should have his probation revoked and be re-sentenced to a period of time in the Florida Department of Corrections. That incarceration should be followed by sex offender probation with the electronic monitoring as required by law." (Ex. I.) This report was signed by the officer's supervisor. (*Id.*) Although the officer also erroneously stated that Petitioner is subject to the mandatory electronic monitoring as required under the Jessica Lunsford Act, it is clear that Petitioner's probation officer and supervisor believed electronic monitoring to be appropriate for Petitioner.

monitor.[9] (Ex. J at 41–42.) Petitioner could not have violated a condition of his probation if there was no condition imposed to violate.

Further, Petitioner's argument that the trial court did not impose electronic monitoring as a condition of probation is contradicted by his own testimony at the hearing on his third violation of probation. Petitioner specifically testified that a condition of his probation required him to wear a GPS monitoring device. (Ex. M at 79.) This condition was also testified to by two of Petitioner's probation officers, Officer Darus and Officer Gilliam.[10] (*Id.* at 7, 51.) Officer Darus also testified that Petitioner signed a contract regarding the rules of electronic monitoring. (*Id.* at 12.) Additionally, and arguably most notably, Petitioner had clearly been ordered to submit to electronic monitoring because he was wearing an ankle monitor at the time of his alleged violation of sex offender probation.[11]

---

[9] The only explanation in the record for referring to this violation as a violation of condition 18 is that the amended order of sex offender probation orders that Petitioner must submit to electronic monitoring if deemed necessary by his probation officer and supervisor, which is condition 18 of the order. (Ex. C.)

[10] Officer Darus said he was required to have electronic monitoring based on his previous violation under the Jessica Lunsford Act. (Ex. M at 7.) Officer Gilliam, however, said that as part of Petitioner's sex offender community control he was required to have electronic monitoring. (*Id.* at 51.)

[11] To the extent Petitioner is attempting to argue that the probation officers required Petitioner to submit to electronic monitoring without a court order, this is contradicted by the court's amended order of sex offender probation which orders electronic monitoring when probation deems necessary. (Ex. C.)

Petitioner has therefore failed to show that counsel's conduct was below an objective and reasonable professional norm in not moving to dismiss the affidavit of violation of sex offender probation on this ground because, as discussed above, electronic monitoring was a condition of his probation. Further, because Petitioner was ordered to submit to electronic monitoring, he has failed to show that he was prejudiced by Mr. Bryant's failure to move to dismiss the affidavit on the ground that electronic monitoring was not a condition of his probation. Even if Mr. Bryant had so moved, the result of the proceeding would have been the same.

With regard to Petitioner's argument that Mr. Bryant was ineffective for failing to move to dismiss, vacate, or set aside the July 1, 2009, affidavit of violation of sex offender probation on the ground that the November 6, 2008, order of modification erroneously subjected him to the mandatory provisions of § 948.063, Florida Statutes, Petitioner's argument fails because he cannot show that he was prejudiced by this failure. While Petitioner is correct that § 948.063 applies only to offenses committed after September 1, 2005—which excludes Petitioner's 1999 offense—this is not dispositive of whether Mr. Bryant was ineffective for failing to move to dismiss the affidavit of violation of sex offender probation on this ground. *See Witchard v. State*, 68 So. 3d 407, 410 (Fla. Dist. Ct. App. 2011) ("[W]e

construe section 948.063 as applying only to probationers whose offenses were committed on or after September 1, 2005—the effective date of the JLA.").

To prove that counsel's performance was ineffective, Petitioner must show that counsel's performance was objectively unreasonable and that he was prejudiced by the performance. *Strickland*, 466 U.S. at 686–96.  To show prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome."  *Id.* at 693. Petitioner has failed to make this showing.

As discussed above, Petitioner was ordered to submit to electronic monitoring based on condition 18, which required Petitioner to submit to electronic monitoring when recommended by his probation officer and supervisor. This was a condition of his probation based on his original offense. Petitioner then violated his probation multiple times and was subsequently required to wear a GPS monitor. Petitioner was aware that a condition of his probation was to submit to electronic monitoring as he testified during his hearing, and as evidenced by the contract he signed regarding the rules associated with electronic monitoring. Consequently,

there is no reasonable probability that the result of his revocation

proceeding would have been different had Mr. Bryant moved to dismiss the

affidavit on the grounds that § 948.063 did not apply to Petitioner's 1999

offense.

Trial counsel's performance was, therefore, not deficient or

ineffective, in accordance with the *Strickland* standard. Accordingly,

nothing Petitioner has presented demonstrates that the state court should

have granted Petitioner's claim of ineffectiveness of counsel on this

ground.

To grant habeas relief, the Court must find that the state court

decision is contrary to or an unreasonable application of federal law that

has been clearly established by decisions of the Supreme Court. 28 U.S.C.

§ 2254(d)(1). While it is true that the state court cited an inapplicable

statute in denying his 3.850 motion, the state court was not incorrect in

noting that Petitioner was required to submit to electronic monitoring, albeit

for other reasons. Accordingly, Petitioner has failed to show that the state

court's rejection of this ineffective assistance claim was "so lacking in

justification that there was an error . . . beyond any possibility for

fairminded disagreement."   *Burt,* 134 S. Ct. at 12 (quoting *Harrington v.*

*Richter*, 131 S. Ct. 770, 787 (2013)).  The Court therefore concludes that

there is a reasonable argument that Mr. Bryant satisfied *Strickland*'s

deferential standard, so Petitioner is not entitled to federal habeas relief on

ground one.

**Ground Two: Counsel's performance was not ineffective for allegedly failing to advise Petitioner of the right not to present a case-in-chief.**

Petitioner contends that Mr. Bryant was ineffective for failing to

advise him of the right not to present a case-in-chief during his August 20,

2009, violation of probation hearing, which he says was in violation of his

rights under the Fifth, Sixth, and Fourteenth Amendments. More

specifically, Petitioner asserts that Mr. Bryant failed to advise Petitioner

that the State carries the burden of showing a violation of his community

control and that Petitioner was not required to present a defense to

disprove the State's case. Petitioner says this shows deficient performance

because Petitioner's defense was counterproductive, harmful, and the

primary reason the trial court found that a violation occurred. Petitioner

argues that the result of the violation proceeding would have been different

had Mr. Bryant so advised because the State's case was insufficient to

show that Petitioner willfully and substantially violated the terms and

conditions of GPS monitoring, or in the alternative, the court would have

ordered a different sentence. (ECF No. 1 at 8–15.)

In rejecting this claim on post-conviction review, the state court

reasoned that Petitioner

> is essentially challenging the sufficiency of the evidence
> supporting the revocation of his probation. A defendant cannot
> challenge the sufficiency of the evidence underlying his
> conviction through a rule 3.850 motion, especially where there
> has been a direct appeal. *Betts v. State*, 797 So. 2d 589, 590
> (Fla. 1st DCA 2001); *see also Johnson v. State*, 593 So. 2d
> 206, 208 (Fla. 1992) ("[i]ssues which either were or could have
> been litigated at trial and upon direct appeal are not cognizable
> through collateral attack"). Motions filed under rule 3.850
> "cannot be utilized for a second appeal." *Jones v. State*, 446
> So. 2d 1059, 1061–62 (Fla. 1984). Accordingly, the claim
> raised is without merit.
>
>      This Court additionally notes that Defendant wanted to
> testify at the hearing. *See* VOP Hearing Transcript at 78 (lines
> 11–17).

(Ex. Q at 30.)  The First DCA *per curiam* affirmed without opinion.  (Exs. U,

W.)

To the extent that Petitioner's second ground for relief is properly

construed as a claim against the sufficiency of the State's case for the

revocation of his probation at this third violation of sex offender probation

hearing on August 20, 2009, on direct appeal Petitioner claimed that the

State did not present any evidence to show that he knowingly and willfully

damaged the GPS strap or bracelet around his ankle. (Ex. N.) The First

DCA *per curiam* affirmed without opinion. (Ex. P-1.)

This determination regarding the sufficiency of the evidence by the

state court was not objectively unreasonable because sufficient evidence

was presented at the revocation hearing to find that, by a preponderance

of the evidence, Petitioner violated a condition of his probation. At the

hearing, Officer Darus testified that the ankle monitor had been damaged

or tampered with and that the damage was not the result of normal wear

and tear. (Ex. M at 34–49.) Officer Gilliam also testified to noticing that the

ankle monitor had been tampered with so that it could be removed, which

he believed constituted a violation of probation. (*Id.* at 53–55.) The court

also examined the ankle monitor and found that the damage to the inside

of the bracelet could not have been accidental. (*Id.* at 94–95.) Therefore,

regardless of whether Petitioner provided an explanation that the court did

not find credible, there was still a preponderance of evidence to support

the court's finding that Petitioner violated his probation by tampering with

his ankle monitor.

 To the extent that Petitioner's second ground for relief is solely a

claim that Mr. Bryant was ineffective for failing to advise Petitioner that he

did not need to testify because it was the State's burden to prove that a

violation occurred, this argument also fails. Petitioner has not shown that

Mr. Bryant failed to meet the *Strickland* standard.

 Under the first prong of *Strickland*, Petitioner has failed to show that

Mr. Bryant's performance was actually deficient. As the trial court noted in addressing Petitioner's Rule 3.850 motion, Petitioner wanted to testify at the hearing. Before he testified, the judge specifically inquired as to whether Petitioner wanted to testify and advised him that it was his right to testify or not testify. (Ex. M at 78.) Therefore, regardless of whether Mr. Bryant advised him of the fact that he was not required to present a case-in-chief, Petitioner was advised by the Court that he did not have to testify. Accordingly, Petitioner has failed to show that Mr. Bryant's performance was unreasonable.

Furthermore, mere dissatisfaction with counsel's strategic choices does not warrant habeas relief, especially where Petitioner has failed to show how such strategies were unreasonable. *See Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994) ("Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so."). As the Eleventh Circuit has stated, "[w]hich witnesses, if any, to call, and when to call them, is the epitome of a strategic decision." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc)). There is a strong reluctance to second-guess strategic decisions made by experienced defense counsel. *Provenzano v.*

*Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998).

Yet even if Petitioner could show that Mr. Bryant's performance was below an objective and reasonable professional norm, he cannot show that he was prejudiced by this deficient performance. Again, to prove prejudice, Petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. However, as discussed above, there was sufficient evidence before the court to find that Petitioner violated his probation, and thus even if Petitioner had chosen not to testify at the hearing, the court still could have found that Petitioner tampered with his ankle monitor and violated his probation. Accordingly, there is no reasonable probability that the result of the hearing would have been different.

To grant habeas relief, the Court must find that the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). Because there was sufficient evidence to find that Petitioner violated his probation and because there is a reasonable argument that Mr. Bryant satisfied that *Strickland* standard, Petitioner's arguments lack merit. The Court therefore concludes that Petitioner is not entitled to federal

habeas relief on ground two.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## CONCLUSION

Accordingly, it is respectfully **RECOMMENDED:**

1. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 1, should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 18th day of October 2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.